IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHARON M. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-1159-D |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 14] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B). In this action for judicial review under the Social Security Act, 42 U.S.C. § 405(g), Judge Purcell recommends affirmance of a final decision of the Commissioner denying Plaintiff's application for disability insurance and supplemental security income benefits. Plaintiff has filed a timely objection. Thus, the Court must make a *de novo* determination of the specific issues raised by Plaintiff's objection, and may accept, modify or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff does not disagree with Judge Purcell's summary of the administrative proceedings, Plaintiff's claims, or her arguments for reversal. Plaintiff has waived further review of these portions of the Report. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Briefly stated, the ALJ found in the sequential analysis as follows: Plaintiff has severe impairments due to degenerative disc disease of the lumbar spine (post surgery),

degenerative joint disease of the right knee (post surgery), obesity, and hypertension; these impairments are not *per se* disabling under the Listing of Impairments at 20 C.F.R. pt. 404, subpt. P., app. 1; Plaintiff has the residual functional capacity (RFC) to perform light work requiring no more than occasional crouching or kneeling; Plaintiff has no past relevant work; but Plaintiff is capable of performing available work. In appealing the determination that she is not under a disability as defined by the Act, Plaintiff claims that the ALJ performed an inadequate credibility analysis and the RFC assessment was erroneous due to the ALJ's failure to consider the effect of Plaintiff's obesity, alone and in combination with other impairments.

After careful consideration of Plaintiff's arguments, the record evidence, and controlling legal authorities, Judge Purcell rejects Plaintiff's contentions of error. Judge Purcell concludes the ALJ's credibility analysis was adequately explained, properly performed, and supported by substantial evidence in the record. Judge Purcell also rejects Plaintiff's contention that the ALJ did not consider the impact of her obesity when formulating an RFC.

For the most part, Plaintiff simply restates in her objection the arguments presented in her opening brief, repeating them almost verbatim after adding introductory paragraphs stating that the Report does not adequately consider her arguments and that Judge Purcell "does a significant amount of analysis and gap-filling" for the ALJ and provides "a significant amount of *post hoc* justification." *See* Pl.'s Objection [Doc. No. 15] at 1-2. *Compare id*. at 2-4, 5-6, 7-15 *with* Pl.'s Br. [Doc. No. 12] at 3-15.

First, with respect to the issue of the ALJ's credibility determination, Plaintiff does not identify any part of Judge Purcell's Report that amounts to *post hoc* analysis or gap-filling, and she simply recites the same arguments and authorities contained in her opening brief. On this issue, the Court finds that Plaintiff has failed to present a specific objection to the Report and, under the court of appeals' firm waiver rule, Plaintiff has not preserved any specific issue for *de novo* determination by the Court. *See 2121 East 30th Street*, 73 F.3d at 1060 ("an objection stating only 'I object' preserves no issue for review") (internal quotation omitted). In any event, if all the arguments presented in Plaintiff's opening brief and copied into her objection were to be considered, the Court would fully agree with Judge Purcell's analysis and conclusions regarding the ALJ's determination that Plaintiff's subjective complaints were not fully credible.

Second, with respect to the issue of the ALJ's alleged failure to adequately address Plaintiff's obesity in determining her RFC, Plaintiff adds two paragraphs to the prior discussion of this issue in her opening brief. Plaintiff argues in these paragraphs that Judge Purcell has constructed a reason for discounting Plaintiff's obesity where the ALJ's analysis is silent and Judge Purcell's conclusion that the ALJ adequately considered Plaintiff's obesity is inconsistent with Social Security Ruling 02-1p, which requires consideration of the combined effects of obesity and other impairments.

Upon *de novo* consideration of Plaintiff's arguments, the Court finds no reversible error in the ALJ's assessment of Plaintiff's RFC. The ALJ expressly stated that he gave "great weight to the opinion of the state agency medical consultant [that Plaintiff could

perform light work] as it is consistent with the evidence of record," but "assessed additional postural limitations" of only occasional crouching and kneeling. (R. 21.) These limitations reasonably reflect the combined effect of Plaintiff's lumbar spine, knee joint, and obesity impairments. Plaintiff does not point to any evidence of record that would support a greater functional limitation due to her obesity. She instead makes an argument recently rejected by the Tenth Circuit, which is, it is error for an ALJ to find "obesity to be a severe impairment at step two but not [to include] it in his RFC or at step five." *See Jimison ex rel. Sims v. Colvin*, 513 F. App'x 789, 798 (10th Cir. 2013). In that case, like this one, "[t]he problem with this argument is that there is no record indication of any functional limitations from [Plaintiff's] obesity or of any impairments possibly caused or exacerbated by her obesity that are inconsistent with the RFC" determined by the ALJ. *See id*.

For these reasons, and because the Court cannot add significantly to Judge Purcell's discussion of the issues and the record evidence, the Court adopts the Report and Recommendation in its entirety as though fully set forth herein.

IT IS THEREFORE ORDERED that Judge Purcell's Report and Recommendation [Doc. No. 14] is ADOPTED. The Commissioner's decision is AFFIRMED. Judgment will be entered accordingly.

IT IS SO ORDERED this 6th day of November, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE